UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| LARRY CAFFIE, | ) | |
| Petitioner, | ) | Civil Action No. 6: 14-67-DCR |
| V. | ) | |
| WARDEN J. C. HOLLAND, | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Larry Caffie is an inmate confined at the United States Penitentiary-McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Caffie has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence for a variety of reasons. A § 2241 petition is not the proper avenue for obtaining the relief sought. As a result, the petition will be denied.

**I.**

Following a 2006 bench trial, Caffie was found guilty of three counts of distributing cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c) and one count of possession with the intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). *United States v. Caffie*, No. 1:06-CR-10029–001 (C. D. Ill. 2006). He was sentenced to life imprisonment and ten years of supervised release on the possession charge, and 168 months of imprisonment on the distribution charges, to run concurrently. [*Id*.,

Record No. 63 therein][1] Caffie's conviction and sentence were affirmed on appeal. *United States v. Caffie*, 310 F. App'x 24 (7th Cir. 2009).

On July 2, 2009, Caffie filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *Caffie v. United States*, No. 1:09-CV-01231-JES (C.D. Ill.) [Record No. 1 therein]. Caffie motion was based on an argument that the United States failed to comply with the notice provisions of 21 U.S.C. § 851 and that the court improperly enhanced his sentence due to his prior drug convictions. He further alleged that the court improperly sentenced him for crack cocaine, that he was denied effective assistance of counsel both at trial and on appeal, and that he was denied a meaningful appeal.

On June 16, 2011, the sentencing court denied Caffie's § 2255 motion. [*Id.*, Record No. 11 therein] The court determined that Caffie had waived his claims challenging his enhancement under § 851(a) because these were claims that should have been raised on direct appeal. [*Id.*] The district court denied the remainder of Caffie's claims because the Seventh Circuit had previously rejected his arguments on direct appeal and because they lacked merit. [*Id.*, pp. 3-9 therein] Caffie also was denied a certificate of appealability. [Record No. 27 therein; *see also*, *Caffie v. United States v. United States*, No. 11-2805 (7th Cir. Feb. 13, 2012)] Thereafter, Caffie filed two motions, re-raising the same arguments in various forms. [*Id.*, Record No. 96 therein]*; see also Caffie v. United States*, No. 1:09-CV-01231-JES (C.D. Ill) [Record No. 28 therein]. Both motions were construed as unauthorized second or successive § 2255 petitions, and were denied.

---

[1] On February 13, 2012, the sentencing court entered an order granting Caffie's motion to reduce the sentence on the distribution conviction from 168 months to 140 months. [*Id.*, Record No. 91 therein]

Through the current § 2241 petition, Caffie asserts that his sentence was improperly enhanced for a variety of reasons. [Record No. 1] He argues that he is actually innocent of being a career offender, and that the district court should have imposed a sentence under the guidelines rather than the statutorily-mandated term of life imprisonment based on his two prior felony drug convictions. [Record No. 1, p. 4] Caffie also claims that his life sentence is illegal because: (i) his two prior convictions did not qualify as predicate offenses for the purposes of a sentence enhancement; (ii) the government did not file notice of its intention to seek a sentence enhancement based on his prior convictions; and (iii) the district court did not inquire about his prior convictions before enhancing his sentence in violation of § 851(b). [Record No. 1, pp. 4-9]

**II.**

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Caffie is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage of the proceedings, the Court accepts Caffie's factual allegations as true and liberally construes his legal claims in his favor.

**III.**

Here, Caffie is not challenging the execution of his sentence under § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, he seeks to attack the

Through the current § 2241 petition, Caffie asserts that his sentence was improperly enhanced for a variety of reasons. [Record No. 1] He argues that he is actually innocent of being a career offender, and that the district court should have imposed a sentence under the guidelines rather than the statutorily-mandated term of life imprisonment based on his two prior felony drug convictions. [Record No. 1, p. 4] Caffie also claims that his life sentence is illegal because: (i) his two prior convictions did not qualify as predicate offenses for the purposes of a sentence enhancement; (ii) the government did not file notice of its intention to seek a sentence enhancement based on his prior convictions; and (iii) the district court did not inquire about his prior convictions before enhancing his sentence in violation of § 851(b). [Record No. 1, pp. 4-9]

**II.**

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Caffie is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage of the proceedings, the Court accepts Caffie's factual allegations as true and liberally construes his legal claims in his favor.

**III.**

Here, Caffie is not challenging the execution of his sentence under § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, he seeks to attack the

constitutionality of his life sentence on constitutional grounds. A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255 is inadequate or ineffective. *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012). The remedy under § 2255 is not considered "inadequate or ineffective" merely because relief under that section has been denied previously, because the petitioner is procedurally barred from pursuing relief under § 2255, or because he has been denied permission to file a second or successive motion to vacate. *Wooten*, 677 F.3d at 307; *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

To demonstrate inadequacy or ineffectiveness, a petitioner must establish that he is actually innocent. *Id*. at 307. Actual innocence is defined as "factual innocence, not mere legal insufficiency." *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). A petitioner satisfy this burden by showing that there has been "an intervening change in the law that establishes [his] actual innocence." *See United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001).

In his § 2241 petition, Caffie simply reiterates his prior claims that have been rejected numerous times. These arguments are impermissible under § 2241. *See Hodgson v. Warren*, 622 F.3d 591, 601 (6th Cir. 2010) ("[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.") (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). Caffie previously raised these same arguments in his § 2255 motion and on appeal. That Caffie was unsuccessful on these claims in his § 2255 motion and was denied a certificate of appealability does not entitle him to relief under §

2241. Simply put, the remedy under § 2255 is not inadequate where a petitioner has previously asserted a claim but was denied relief. *Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002). Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758; *see also Lucas v. Berkebile*, No. 7:11–28–HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not an available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.").

Further, Caffie does not allege that he is actually innocent of any of his convictions. Instead, he alleges only that the district court improperly enhanced his sentence to a life term. Claims of sentencing errors do not qualify as "actual innocence" claims under § 2241. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (2003); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims"). The savings clause of § 2255 extends only to petitioners asserting actual innocence claims regarding their convictions, not enhanced sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. Mar. 15, 2013) (sentencing error claims do not qualify as claims of actual innocence under the savings clause).

Moreover, a petitioner generally must "show an intervening change in the law that establishes his actual innocence . . . to obtain the benefit of the savings clause." *Enigwe v. Bezy*, 92 F. App'x 315, 317 (6th Cir. 2004). Importantly, the cases Caffie cites in support of his petition do not apply retroactively. *See Missouri v. Frye*, ___U.S.___, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376 (2012). Neither of these cases

-5-

announces a new constitutional rule and, therefore, do not apply retroactively to cases on collateral review. *See In re Liddell*, 722 F.3d 737, 738 (6th Cir. 2013); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012); *In re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Graham*, 714 F.3d 1181, 1183 (10th Cir. April 23, 2013).

**IV.**

Caffie has not established that his remedy under § 2255 was inadequate or ineffective, nor has he alleged a viable claim of actual innocence. For these reasons, Caffie has failed to demonstrate that he is entitled to proceed under § 2241. Accordingly, it is hereby

**ORDERED** as follows:

1. Caffie's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously in favor of the Respondent.

This 8th day of July, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge